UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DOMINIQUE J. BROCK, ) | |
| A/K/A AMERICO J. BROCK, ) | |
| ) | Civil Action No. 3:21-CV-P522-CHB |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| 12 (UNIDENTIFIED MEMBERS) OF ) | |
| "LYNCH MOB" et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on initial review of the Complaint, [R. 1], pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff Dominique J. Brock a/k/a Americo J. Brock, proceeding *pro se*, initiated this action by filing a Complaint on a form for actions under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*. To the Complaint form, Plaintiff attaches over 100 pages of miscellaneous motions/requests/additional allegations. *See* [R. 1–1; 1–2]. Upon filing the action, he indicated that he was a pretrial detainee incarcerated at the Kentucky State Penitentiary, but he has since advised of his release. *See* [R. 32].

In the Complaint form, Plaintiff sues the following Defendants in their individual and official capacities: "12 (Unidentified Members) of 'Lynch Mob'"; "Ky DOC Personall Board (Chairman)"; Internal Revenue Service; "Fed. Bureau of Investigations"; and "Lou. Metro. Police Department." [R. 1, pp. 2–3]. In his Statement of Claims, Plaintiff mentions "Nineteen Coldcase Homicides"; "Child Protective Services cases"; and "malignant Ofc.s, Agents and/or

Detectives' Premeditated/murder Drafted Amongst Their 'Investigative – Hypothesis' To The Tune of A 'Mexican/coronation." *Id.* at 3–5. He asserts that should the Court "Fail to Handle" these matters, then the Court "may serve as an 'Accomplice' to Premeditated/murder, Official/misconduct, judicial/misconduct and/or Egregasious Breach of Proff. Responsibility." *Id.* Further, he indicates, regarding "[t]he Nineteen Children mentioned Here/in," that he is "more than willing to take/up Adoption Decree or Assign Mexican/American Surrogates w/family-ties in the case of (Alternative Housing)." *Id.*

As relief in the Complaint form, Plaintiff indicates that he seeks monetary and punitive damages and further directs the Court to his attachments for his requests for preliminary injunctive and other relief. *Id.* at 6.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, or employees, this Court must review the instant amended complaint under § 1915A. On this review, the Court must dismiss the amended complaint, or any portion thereof, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Additionally, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

In the instant case, Plaintiff's Complaint does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), and the Court is not required to wade through the over 100 pages of attachments to his Complaint to find a viable claim for Plaintiff. *See, e.g.*, *Plemons v. Core Civic*, No. 1:19-CV-00062, 2019 WL 3934680, at *3 (M.D. Tenn. Aug. 20, 2019) ("The Court is not required to comb through his unexplained exhibits to pick out the best facts in support of his claim when he has failed to allege them with any clarity.") (citations omitted); *Brown-Rodgers v. Bing*, No. 12-12962, 2012 WL 6619020, at *3 (S.D. Mich. Dec. 19, 2012) ("[T]he Court need not sort through pages of a rambling narrative to discern—much less speculate—what specific claims and legal theories Plaintiff asserts."). Further, Plaintiff fails to place Defendants on notice as to any claims against them as required by Fed. R. Civ. P. 8(a). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544)).

Although this Court recognizes that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), the duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For the foregoing reasons, the instant action will be dismissed by separate Order.

This the 12th day of April, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:   Plaintiff, *pro se*
      Defendants
A958.005